## CITY OF NEW YORK v. REIBSTEIN.

(Supreme Court, Appellate Term. February 9, 1911.)

JUDGMENT (§ 143*)—DEFAULT JUDGMENT—RIGHT TO OPEN.

    Where a defendant, seeking to open a default judgment against him for a penalty for failing to provide proper fire escapes on his building, showed that he had employed an iron contractor, who was a specialist, to erect the fire escapes, that the contractor claimed that the escapes were properly constructed, but the city claimed they were insufficient, and that the contractor agreed to cause the removal of any violation of the law and a dismissal of the action, and that he failed to do so, and neglected to so inform defendant, who failed to appear at the time set for trial and establish the fact that the escapes were proper, the refusal to open the default was erroneous.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269–291; Dec. Dig. § 143.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the City of New York against Emil Reibstein. From an order of the Municipal Court of the City of New York, denying a motion to open a default judgment against defendant, he appeals. Reversed, and motion granted.

Argued before HENDRICK, LEHMAN, and DELANY, JJ.

Manheim & Manheim (I. Maurice Wormser and Joseph I. Stahl, of counsel), for appellant.

Archibald R. Watson (John P. O'Brien and Louis Gans, of counsel), for respondent.

HENDRICK, J. The defendant appeals from an order denying his motion to open his default. The action was brought to recover a penalty for the alleged failure on the part of the defendant to provide proper fire escapes upon a building owned by him. The judgment was for $264.

It appears from the moving affidavits used on the motion in the court below that the defendant had employed one Oltarsh, an iron contractor and a specialist engaged in the construction of structural and ornamental work, to erect the fire escapes upon the defendant's building; that they had been erected thereon, but that the plaintiff had filed a violation, claiming that the fire escapes were not in compliance with the rules of the building department. The case was adjourned from time to time, was reached on October 7, 1910, and again adjourned for one week. The defendant thereafter called upon Oltarsh and informed him of the pendency of the action, its cause, etc., and he (Oltarsh), asserting that the fire escapes were properly constructed

and erected, promised to at once give the matter his prompt attention and cause the violation to be removed and the action discontinued. It· seems that he did attempt this; but failed to do so,·and also neglected to so inform the defendant, and the default in appearing at the time set for trial was the result. Oltarsh testifies to the foregoing statement, and to his neglect in informing defendant of his failure; and the defendant asserts that his defense is that he has provided proper and sufficient means of egress in case of fire upon the premises in question, and he also swears to an affidavit of merits. It is difficult to see how more could be required in order to obtain an order opening a default.

Order· reversed, with costs to appellant to abide the event, motion granted, and new trial ordered. All concur.